UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MICHAEL BLAYLOCK,

                Plaintiff,

-against-

CHRISTIN MONTALBANO, Medical
Doctor at Arthur Kill Correctional Facility,
LESTER WRIGHT, Deputy Commissioner
for Health Services for New York State
Department of Correctional Services, and
DENNIS BRESLIN, Superintendent at
Arthur Kill Correctional Facility,

                Defendants.
----------------------------------------------------------------X

**ORDER**

**09-CV-3277 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff is a state prisoner currently incarcerated at New York State's Arthur Kill Correctional Facility. Defendants are current and former employees of the New York State Department of Correctional Services. On July 9, 2009, Plaintiff brought this civil rights action under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution, alleging that Defendants delayed and interfered with, or supervised the delay of and interference with, his medical treatment. (See Compl. (Docket Entry # 1).) On January 22, 2010, Plaintiff filed a motion seeking a preliminary injunction directing that a supervisor-level corrections officer accompany him, and the officers who escort him, on trips to medical facilities outside of the Arthur Kill Facility. (Aff. in Support of Mot. ("Aff. in Support") (Docket Entry # 16) 3.) Plaintiff seeks to enjoin Defendants from deliberately interfering with his medical treatment and

from carrying out retaliatory acts against him. (Id. (notice of motion).) For the following reasons, Plaintiff's application is denied.

## I. BACKGROUND

Plaintiff's medical needs require corrections staff to frequently transport him to local-area hospitals for medical treatment. (Aff. in Support ¶ 11.) Plaintiff claims that in retaliation for filing his federal Complaint, the corrections officers who transported him to a local hospital on January 4th, 2010 subjected him to cruel and unusual treatment. (Id. ¶¶ 2, 5.) Specifically, Plaintiff claims that the officers who escorted him refused to remove his handcuffs for "over nine hours, while he sat waiting to be seen by medical staff, despite the fact that four other inmate patients from other correctional facilities had their handcuffs removed upon entering the secure area." (Id. ¶ 3.) Plaintiff also claims that the escorting officers did not feed him during that period. (Id. ¶ 4.) In connection with this incident, Plaintiff asserts that he filed an inmate grievance with the New York State Department of Correctional Services. (Id. ¶ 6.)

At a conference held on March 3, 2010, Defendants disputed some of the factual bases underlying Plaintiff's TRO application.[1] (Mar. 3, 2010 Conf. Tr.) They asserted that Plaintiff was only handcuffed for eight hours, four of which were spent in transit; that the escorting officers offered Plaintiff a meal, which he refused; and that, in any event, Plaintiff ate a meal provided by the hospital's staff. (Id. at 3.) Defendants also asserted that all prisoners must be restrained while in transit and that the hospital's policy requires that all prisoners remain cuffed, unless admitted or undergoing surgery. (Id. at 3-4, 13-14.) At the conference, Plaintiff also claimed that his medical records have been altered to indicate that he refused certain medical treatment in connection with a hospital visit on February 24, 2010. (Id. at 8-10.)

---

[1] Plaintiff appeared at the conference telephonically.

Following the conference, Plaintiff submitted a letter proffering additional evidence that he believes demonstrates further retaliatory acts. (See Blaylock Ltr. dated May 15, 2010 and attachment (Docket Entry # 23).) First, during a trip to a local-area hospital on May 14, 2010, Plaintiff's escorting officers "force[d] him to walk from the [emergency room] parking lot all the way to the therapist treatment [room] in hand [and] leg restraints." (Id.) In light of his reliance on a walking cane, Plaintiff claims that the restraints made his walk "extremely difficult" and caused him great pain. (Id.) According to Plaintiff, his pain was so severe that his therapist escorted him back to the emergency room in a wheelchair. (Id.)

## II.  LEGAL STANDARDS

To secure a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure, "the moving party must demonstrate: (1) irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006). But a "party moving for a mandatory injunction that alters the status quo by commanding a positive act must . . . make a clear or substantial showing of a likelihood of success on the merits." Id. (internal quotation marks omitted). If relief is appropriate, the Prison Litigation Reform Act provides that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in [18 U.S.C. 3626(a)(1)(B)] in tailoring any preliminary relief." Id.

"To prove a First Amendment retaliation claim under Section 1983, a prisoner must show [] (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009) (internal quotation marks omitted). In the prison context, adverse action depends on whether the retaliatory conduct would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights. Id. at 129 n.7.

## III. APPLICATION[2]

Plaintiff has not made the requisite showing to warrant a preliminary injunction directing that a supervisor-level corrections officer accompany him on medical trips to local hospitals. Plaintiff's claims that corrections officers required him to wear restraints while en route to and inside a non-prison hospital do not demonstrate a "clear or substantial showing of a likelihood of success on the merits." D.D. ex rel. V.D., 465 F.3d at 510. It is settled that filing a federal lawsuit against prison staff and officials is a protected activity. See Espinal, 558 F.3d at 128-29. But Defendants' representations—that prisoners must wear restraints while in transit outside the prison facility and that the hospital that treated Plaintiff requires prisoners to remain in restraints, unless admitted or undergoing surgery—prevent Plaintiff from clearly showing (i) that wearing restraints outside the prison facility constitutes an "adverse action" and (ii) that being forced to do so was causally connected to having filed a lawsuit alleging Eighth Amendment claims.

---

[2] The Prison Litigation Reform Act requires a prisoner to exhaust all possible administrative remedies before bringing suit. See Woodford v. Ngo, 548 U.S. 81, 93 (2006); 42 U.S.C. § 1997e(a). Plaintiff alleges that he exhausted all administrative remedies for the claims asserted in his Complaint. (Compl. ¶ 6.) And in his motion for a preliminary injunction, Plaintiff claims that he has filed an administrative grievance based on the January 4, 2010 incident with the Superintendent of the Arthur Kill Correctional Facility. (Mot. ¶¶ 6-7.) Defendants do not assert that Plaintiff failed to exhaust administrative remedies regarding his application for a preliminary injunction. Defendants have not yet addressed whether Plaintiff has exhausted administrative remedies in connection with the claims asserted in his Complaint, as they have not yet responded to Plaintiff's Complaint.

4

Plaintiff's additional assertions that he was not fed while at the hospital, on one occasion, and was forced to walk through a hospital parking lot in restraints, on another occasion, similarly fall short. In any event, fashioning an injunctive remedy to prevent further retaliation by directing a supervisor-level corrections officer to accompany Plaintiff and his escorting officers on outside medical trips would create a significant hardship on the New York Department of Correctional Services in light of the principles of comity set forth in 18 U.S.C. § 3626(a)(1)(B).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is denied without prejudice.

SO ORDERED.                                                s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                  NICHOLAS G. GARAUFIS
       August 27, 2010                                     United States District Judge