FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 3 0 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL BLAYLOCK,

                       Plaintiff,

      -against-

CHRISTIN MONTALBANO, *Medical Doctor at Arthur Kill Correctional Facility*, DR. LESTER WRIGHT, *Deputy Commissioner for Health Services for New York State Department of Correctional Services*, and DENNIS BRESLIN, *Superintendent at Arthur Kill Correctional Facility, each sued in their official and individual capacities*,

                       Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-3277 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Pro se Plaintiff Michael Blaylock ("Blaylock") brings this action under 42 U.S.C. § 1983, alleging that various employees of the New York State Department of Correctional Services violated his Eighth Amendment rights by denying him adequate medical treatment. (Compl. (Docket Entry # 1).) Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). (Defs.' Mot. (Docket Entry # 41).) For the reasons set forth below, Blaylock's Complaint is dismissed without prejudice to replead within sixty (60) days of the date of this memorandum and order.

**I.    LEGAL STANDARD**

    In reviewing a defendant's motion to dismiss under Rule 12(b), the court accepts as true all allegations of fact made by the plaintiff and draws all reasonable inferences from these allegations in the plaintiff's favor. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,

94 (2007) (internal quotation marks omitted). But while "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted), even a pro se complaint will be dismissed if it does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.[1]

## II. BACKGROUND

Blaylock alleges that, on July 2, 2007, while he was being transported to a hospital from Arthur Kill Correctional Facility, in Staten Island, New York, "correction officers" left him inside a van, handcuffed and shackled, while they changed a flat tire on the vehicle. (Compl. ¶ 8.) The officers allegedly injured Blaylock by "elevating and negligently lowering [the vehicle, thereby] rapidly jolting plaintiff's body." (Id.) Blaylock alleges that this resulted in nerve damage, requiring the use of a cane and pain medications. (Id. ¶ 9.) Blaylock contends that Defendants "deliberately interfered" with this treatment "on several occasions, including the cancellation of prescribed pain medications." (Id. ¶ 11.) Though he does not make it explicit, Blaylock apparently means that Defendant Christin Montalbano ("Montalbano") was the one who "interfered" with his treatment. (See id. ¶ 15 (referring to "the actions of defendant Montalbano complained of in the enumerated paragraphs nos. 2, through 14").

---

[1] Because this is a motion to dismiss, and not one for summary judgment, the court does not rely on the exhibits attached to Defendants' motion, which involve factual matters outside the pleadings and, in any event, are not relevant to the court's conclusions in this opinion. The court declines to convert Defendants' motion into one for summary judgment under Federal Rule of Civil Procedure 12(d).

2

Blaylock alleges that he suffered "Bells Palsy paralysis" on December 9, 2008, requiring hospitalization. (Id. ¶ 10.) Though it is not clear, Blaylock appears to allege that the Bells Palsy was caused by the July 2, 2007 incident.

Blaylock also alleges that, on April 10, 2007, after suffering chest pains, he was taken to Staten Island University Hospital, where doctors concluded that the pains "were caused by neurological pressure" from an unspecified spinal injury, requiring "immediate" surgery. (Id. ¶ 13.) Blaylock alleges that, on April 15, *2009*, Montalbano directed the hospital to cancel Blaylock's "spinal operation," which was scheduled for the next day, thereby deliberately "delaying and interfering with plaintiff's serious medical treatment." (Id. ¶ 14.) It is unclear whether the reference to the years 2007 and 2009 constitutes a typological error, or whether Montalbano's alleged cancellation of Blaylock's surgery in fact took place two years after doctors determined the surgery was immediately necessary (assuming Blaylock is referring to a single surgery).

Finally, Blaylock alleges that Defendants Dr. Lester Wright ("Wright") and Dennis Breslin ("Breslin") are "well aware of the actions of defendant Montalbano," and routinely deny medical treatment to inmates at Arthur Kill for financial reasons. (Id. ¶ 15.)

Blaylock asserts that he has exhausted all available administrative remedies, and Defendants do not contest this allegation. (Id. ¶ 6.)[2]

---

[2] The Prison Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). "The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver." Travellers Int'l v. Trans World Airlines, 41 F.3d 1570, 1580 (2d Cir.1994). Defendants do not assert that Blaylock has failed to exhaust his administrative remedies. Because Defendants have not raised this affirmative defense in their first responsive pleading, they have waived it for the remainder of this litigation. See Alster v. Goord, 745 F. Supp. 2d 317, 323 (S.D.N.Y. 2010) (concluding that some defendants waived their defense of lack of exhaustion under the PLRA).

## III. DISCUSSION

Where a prison official exhibits "deliberate indifference to serious medical needs" of an inmate, the official violates the Eight Amendment's prohibition of cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state such an Eight Amendment claim, the plaintiff must plead allegations meeting both "objective" and "subjective" standards. See Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006).

The "objective" standard requires that the alleged deprivation of medical care be "sufficiently serious." Id. "Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)) (internal quotation marks omitted). If the plaintiff, as here, alleges "a failure to provide any treatment for [his] medical condition, courts examine whether the inmate's medical condition is sufficiently serious." Id. at 280. "Factors relevant to the seriousness of a medical condition include whether 'a reasonable doctor or patient would find [it] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" Id. (quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)); see also Chance, 143 F.3d at 702 (serious medical condition exists where "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain") (internal quotation marks omitted). A plaintiff is not required to demonstrate that he experienced "pain that is at the limit of human ability to bear, nor [that his] condition will degenerate into a life-threatening one." Brock v. Wright, 315 F.3d 158, 163 (2d Cir. 2003).

The "subjective" standard requires that the defendant prison official have acted with a sufficiently culpable state of mind, namely "deliberate indifference." See Salahuddin, 467 F.3d

4

at 280 (citing Wilson, 501 U.S. at 300). Deliberate indifference "entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1970). "Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law." Salahuddin, 467 F.3d at 280 (citing Farmer, 511 U.S. at 839-40). Thus, a plaintiff must allege sufficient facts to show that "the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm [would] result." Id.; see also Farmer, 511 U.S. at 837-38 (criminal law "generally permits a finding of recklessness only when a person disregards a risk of harm of which he is aware"); Harrison v. Barkley, 219 F.3d 132, 137 (2d Cir. 2000) ("Deliberate indifference will exist when an official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" (quoting Farmer, 511 U.S. at 847)).

Blaylock's Complaint, even liberally construed, fails to allege facts sufficient to meet the deliberate indifference standard. First, while Blaylock alleges that Defendants Wright and Breslin were "well aware" of the denial of medical treatment Blaylock suffered, and that this denial represented a policy of denying medical treatment for financial reasons, Blaylock fails to allege that Wright and Breslin were personally involved in the decisions to deny Blaylock's treatment in particular. To survive a motion to dismiss on a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to show the personal involvement of the defendants. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011). Blaylock has failed to do so as to Defendants Wright and Breslin.

Blaylock appears to allege that Defendant Montalbano was responsible for denying him medical treatment after he was injured in a vehicle on July 2, 2007. However, it is not clear from

the Complaint whether Blaylock alleges Montalbano's personal involvement in this denial of medical treatment. It is also not clear whether Blaylock's December 2008 Bells Palsy was caused by the July 2, 2007 incident, or whether Blaylock alleges that any named Defendant was deliberately indifferent in connection with the Bells Palsy.

Blaylock also alleges that Montalbano interfered with his medical treatment in connection with a planned spinal surgery. Blaylock's allegations create confusion as to the date of this incident—it is not clear whether it occurred in April 2007 or April 2009. Moreover, while Blaylock has sufficiently pleaded the "objective" prong of the deliberate indifference standard—that his medical condition was "sufficiently serious"—he has not sufficiently pleaded facts going to Montalbano's state of mind. That is, Blaylock has failed to plead facts indicating that Montalbano denied Blaylock medical care while "actually aware of a substantial risk that serious inmate harm [would] result." Salahuddin, 467 F.3d at 280.

"In light of the leniency accorded to pro se litigants," Montanez v. Cuoco, 361 F. App'x 291, 292-93 (2d Cir. 2010), the court grants Blaylock leave to amend his Complaint, in order to address the deficiencies discussed above. The court finds that, given the facts Blaylock has already alleged, such amendment would not be futile. See Dawson v. City of New York, 199 F.3d 1321, 1322 n.2 (2d Cir. 1999) (concluding that the basis for allowing a pro se plaintiff to amend his complaint is an inquiry into its "futility"). Blaylock must file such an amended complaint within sixty days of the date of this memorandum and order. If Blaylock does not file an amended complaint within sixty days, the court will direct the Clerk of Court to order judgment on behalf of Defendants.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' motion is GRANTED, and Blaylock's Complaint is DISMISSED, without prejudice to refile. Blaylock shall file an amended complaint within sixty (60) days of the date of this memorandum and order. If he fails to do so, the court will direct the Clerk of Court to enter judgment for Defendants.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 30, 2011

NICHOLAS G. GARAUFIS
United States District Judge