ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

April 30, 2013

*Via ECF Filing*
Hon. Nicholas G. Garaufis, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Blaylock* v. *Montalbano, et al.*
     Civ. Act. No. 09 Civ. 3277 (NGG) (MDG)
     File No.: 02803-118689

Dear Judge Garaufis:

    This office represents the defendant APS Healthcare, Inc. ("APS") in the above-referenced action. Plaintiff Michael Blaylock ("Blaylock"), an incarcerated prisoner, alleges that Defendants violated the Civil Rights Act of 1871, 42 U.S.C. § 1983, by refusing medical treatment to treat his back pain and as a result depriving him of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. In accordance with your individual practices, we write to request a pre-motion conference to discuss a briefing schedule for APS's proposed motion pursuant to FED. R. CIV. P. 12(b)(6) for an order dismissing Blaylock's Second Amended Complaint as against APS for failure to state a claim upon which relief can be granted. We simultaneously request an extension of time be granted for APS to submit its Answer to Plaintiff's Second Amended Complaint until the Court has an opportunity to rule on APS's proposed motion to dismiss.

    APS's proposed motion to dismiss is based on the fact that APS was not acting under color of state law with respect to any of its alleged actions in this case. Therefore, as a matter of law, APS cannot be found liable under 42 U.S.C. §1983. According to the Second Amended Complaint, Blaylock, was at all relevant times, a prisoner in the custody, care, and control of the New York State Department of Corrections and Community Supervision ("DOCCS"). Blaylock alleges that on July 2, 2007 he was being transported in a DOCCS van when he suffered a neck injury. (Sec. Amd. Cmp., ¶12). Blaylock alleges that he received numerous medical consultations, prescriptions, physical therapy and other treatments that were unsuccessful in alleviating the worsening pain from the original injury. (Sec. Amd. Cmp., ¶¶12-88).

    Blaylock alleges that during the relevant time period, APS was under contract with DOCCS as its Utilization Review Vendor. (Sec. Amd. Cmp., ¶8). Pursuant to this contract, Blaylock alleges that APS preliminarily approved or denied all of Blaylock's referrals for specialty care, with denials of referrals only reviewable by the Regional Medical Director. (Sec. Amd. Cmp., ¶8). Blaylock further alleges that APS was directly involved in denying his referrals for specialty care, which resulted in his care being denied or delayed. (Sec. Amd. Cmp., ¶¶8, 16, 34-35, 50, 54-55, 60, 62-63, 66, 88). Additionally, Blaylock alleges that

Hon. Nicholas G. Garaufis, U.S.D.J.
Re: Blaylock v. Montalbano
    Civ. Act. No. 09 Civ. 3277 (NGG) (MDG)
April 30, 2013
Page 2

APS continues to deny him the cervical spine surgery that he requires. (Sec. Amd. Cmp., ¶88). Notably, Blaylock concedes that a Regional Medical Director for the State had final decision-making authority and upheld APS's initial determinations on his care. (Sec. Amd. Cmp., ¶¶8, 34-35, 46, 50, 54-55, 60, 62-63, 66, 88).

In order for Blaylock to sufficiently plead a claim for relief against APS, he must allege facts demonstrating that APS deprived him of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law." In *West* v. *Atkins*, 487 U.S. 42 (1988), the Supreme Court held that an incarcerated-plaintiff was entitled to pursue a claim under 42 U.S.C. §1983 for inadequate medical treatment where a prison physician, who was employed by the State, allegedly failed to provide adequate medical care because the "State bore an affirmative obligation to provide adequate medical care…and respondent voluntarily assumed that obligation by contract." 487 U.S. at 56. In *West*, the state-employed physician's treatment decisions were binding and he was acting on behalf of the state when he made those decisions

In this case, APS did not provide medical care to the prisoners generally, or to Blaylock specifically. Rather its sole function, as alleged by Blaylock himself, is to provide utilization review services; i.e. determine whether services should be covered by the applicable insurance policy. APS's utilization review services are not the practice medicine. Moreover, APS's utilization review determinations are subject to final review by the State's Regional Medical Director, who can reverse and vacate APS's determinations.[1] Unlike the situation presented in *West*, APS does not provide medical care and its determinations are subject to reversal by the State.

Here, APS is acting as a utilization review company not a direct provider of medical care. In *American Mfrs. Mut. Ins. Co.* v. *Sullivan*, 526 U.S. 40, 50 (1999), the U.S. Supreme Court ruled that a utilization review agent under Pennsylvania's Worker's Compensation Act was <u>not</u> acting under color of state law when it made its decisions approving or denying benefits. This is best demonstrated by the fact that APS's determinations are subject to reversal by the State's Regional Medical Director, and as such, do not qualify as state action.

For the foregoing reasons, APS respectfully requests a pre-motion conference to discuss a briefing schedule for its proposed motion to dismiss Blaylock's claims against it for an alleged violation of 42 U.S.C. §1983. APS also respectfully requests an extension of time to answer the Second Amended Complaint until after the Court has had an opportunity to consider APS's motion.[2]

---

[1] The Court may consider the contract between APS and the DOCCS because the Complaint expressly references the contract. *See Hertz Corp.* v. *City of New York*, 1 F.3d 121, 125 (2d Cir. 1994).

[2] In accord with Your Honor's Individual Rules of Practice, APS states that it has not previously sought an extension of time to respond to the complaint; it did not ask counsel for their consent to file a request for the extension of time, which request is based on this motion; and APS is unaware of any dates affected by the extension of the time to answer the Second Amended Complaint.

Hon. Nicholas G. Garaufis, U.S.D.J.
Re:  Blaylock v. Montalbano
     Civ. Act. No. 09 Civ. 3277 (NGG) (MDG)
April 30, 2013
Page 3

    Thank you for your consideration of this matter.

Respectfully submitted,

s/
Michael H. Bernstein
Sedgwick LLP

MHB

Case 1:09-cv-03277-NGG-MDG   Document 101   Filed 04/30/13   Page 3 of 4 PageID #: 551

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **LETTER DATED APRIL 30, 2013** was served via ECF on this 30th day of April, upon the following:

>JASON M. CLARK, Esq.
>Assistant Attorney General
>120 Broadway, 24th Floor
>New York, NY 10271
>Telephone: (212) 416-6296
>Facsimile: (212) 416-6009
>
>BRETT M. DIGNAM, Esq.
>Morningside Heights Legal Services
>Columbia Law School, Room 831
>435 West 116th Street
>New York, NY 10027
>*Attorney for Plaintiff*

s/
Michael H. Bernstein

Dated: New York, New York
April 30, 2013